```
         FILED          ENTERED
         LODGED         RECEIVED

         NOV 2 3 2009      LK

              AT SEATTLE
         CLERK U.S. DISTRICT COURT
      WESTERN DISTRICT OF WASHINGTON
                              DEPUTY
```

09-CV-01674-CMP

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARKEL AMERICAN INSURANCE COMPANY, INC., <br><br>    Plaintiff, <br><br>    vs. <br><br> DAVID REITH, <br><br>    Defendant. | IN ADMIRALTY <br> No. C09-1674 RAJ <br><br> COMPLAINT |

### INTRODUCTION

This is a civil action in which plaintiff MARKEL AMERICAN INSURANCE COMPANY ("Markel") seeks a declaration by this Court regarding the rights and obligations, if any, of Markel under a policy of insurance issued by Markel to defendant DAVID REITH ("Reith").

### I.  PARTIES

1.1   Plaintiff Markel is a foreign corporation with its principal place of business in Pewaukee, Wisconsin and is authorized to do business in the State of Washington. It has paid all required license and other fees required to bring this action.

1.2   Defendant Reith is an individual and a resident of King County, Washington.

1.3    Reith is the owner of a recreational vessel, ON THE HALF SHELL ("Yacht").

1.4    Markel issued a policy of marine insurance, Markel Helmsman Yacht Policy No. MHY 12713, to Reith for the period August 22, 2008 to August 22, 2009 with respect to the Yacht.

## II.    JURISDICTION AND VENUE

2.1    Because marine insurance policies are maritime contracts, this case is within the Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333 and Federal Rule of Civil Procedure 9(h) and Local Rule 9(h).

2.2    Markel is a corporation organized under the laws of Virginia, with its principal place of business in Virginia.

2.3    Reith is a resident and citizen of the State of Washington and is subject to personal jurisdiction in this state.

2.4    Venue in this judicial district is proper under 28 U.S.C. §1391(b).

## III.    FACTUAL ALLEGATIONS

3.1    Markel incorporates by reference the allegations set forth in Paragraphs 1.1 through 2.4 as though fully set forth herein.

3.2    In June 2008, Reith agreed to purchase the Yacht from Ron Butler ("Butler") for $725,000, subject to the customary demonstration, marine survey, mechanical survey and financing contingencies.

3.3    Reith's surveyor inspected the Yacht on June 23, 2008 and in his report ("Survey") noted hull blisters and high moisture readings on the hull. Notwithstanding these observations, the surveyor rated the Yacht's condition as "above average."

3.4    On June 26, 2008, at the request of the yacht broker, Terry Cooke ("Cooke") of Emerald Pacific Yachts, Lake Union Yacht Center ("LUYC") issued a preliminary repair assessment ("June 26 Assessment"), in which it advised of the following:

> This appears to be a cored hull with moisture saturation levels off the meter. We will need to strip the bottom to make a full assessment of damage and extent of repair, but this will likely require significant

COMPLAINT - 2

LAW OFFICES OF
**NICOLL BLACK & FEIG PLLC**
1325 FOURTH AVENUE S, SUITE 1650
SEATTLE, WASHINGTON 98101
(206) 838-7555

re-coring and re-fiber glassing of the bottom of the hull. * * * This is likely to run into the neighborhood of 1000 hours (figured at 2 guys for 12 weeks), with materials running in the neighborhood of $10,000. You should be prepared for a repair bill in the $80,000 to $100,000 range.

3.5  The June 26 Assessment and/or information therefrom was provided to Reith.

3.6  On June 26, 2008, Reith and Butler signed an amendment to the Purchase & Sale Agreement ("P&S Amendment"), in which Butler agreed to pay "all costs associated with needed repairs of blisters and water penetrated hull." Reith and Butler also agreed that the repair work would be "supervised and approved by an accredited surveyor," that Butler would deposit $100,000 in an interest bearing account with Emerald Pacific Yachts and that repair would be delayed until the winter months.

3.7  Cooke thereafter requested a firm bid from LUYC, and on July 17, 2008 LUYC responded with a bid estimate of $74,976 ("July 17 Bid"). The July 17 Bid restated that moisture levels were "off the meter," and observed as follows:

"With the extent of the swelling of the core material, simply drying out the core will leave the hull integrity compromised. There isn't any way to infuse the core with resin to restore it. It will have to be removed and replaced.

3.8  The July 17 Bid and/or information therefrom was provided to Reith.

3.9  The purchase and sale of the Yacht closed on August 22, 2008, with a total purchase price, including taxes and fees, of $794,873.

3.10  As agreed among Reith, Butler and LUYC, repair of the Yacht commenced in early 2009. Notwithstanding their agreement, neither Reith nor Butler retained an accredited surveyor to approve and supervise the repair work. In mid-February 2008, LUYC advised that the deterioration of the core even more extensive than originally feared. In addition, LUYC had discovered that the core material had delaminated in places and was permeated with black mold and that through hull fittings had not been properly installed and were the likely source of the hull moisture. To address these issues, LUYC subsequently increased its repair estimate to $141,700, which Butler agreed to pay.

COMPLAINT - 3

LAW OFFICES OF
NICOLL BLACK & FEIG PLLC
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
(206) 838-7555

1   3.11   On February 25, 2008, Reith notified LUYC that the revised repair schedule proposed by LUYC, which now contemplated a 5-month repair period, was unacceptable. In April 2009, Reith retained a marine surveyor to inspect the Yacht. The surveyor identified alleged deficiencies with the repairs, and on April 17, 2009, Reith directed LUYC to stop all work on the Yacht. On April 28, 2009, Butler advised Reith that he would not pay anything more than previously agreed.

3.12   LUYC has not been given an opportunity to complete its repairs of the Yacht.

3.13   Reith submitted an application for insurance ("Application") to Markel on or about August 20, 2008 through Boat Insurance Agency ("Boat Insurance") in Seattle. He submitted a copy of the Survey in conjunction with the Application. He did not provide Markel or Boat Insurance with any other information concerning the nature, extent and severity of the hull damage, the estimated cost of repair or the planned repair period. He did not provide a copy of the June 26 Assessment, the P&S Amendment or the July 17 Bid or any other documents related to the hull condition.

3.14   On August 20, 2008, Markel approved the Application as submitted and agreed to issue its Markel Helmsman Yacht Policy ("Policy"), with a policy period of August 22, 2008 to August 22, 2009, for a total annual premium of $3235.00.

3.15   Reith has paid the annual premium.

3.16   Subject to all of its other provisions, the Policy affords coverage for "sudden accidental direct physical loss or damage" to the insured yacht.

3.17   General Condition 3 of the Policy provides as follows:

> All insurance provided by this policy will be null and void if you, at any time, either intentionally conceal or misrepresent any fact, regardless of materiality, or if you misrepresent or conceal any material fact regardless of intent. No action or inaction by us will be deemed a waiver of this provision.

3.18   Reith first advised Markel of "an emerging situation" concerning the nature and extent of the hull conditions in a letter from his counsel dated June 5, 2009. Reith expressly did not submit a claim for coverage under the Policy at that time, counsel's letter having been sent for informational purposes only.

COMPLAINT - 4

LAW OFFICES OF
**NICOLL BLACK & FEIG PLLC**
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
(206) 838-7555

3.19    Markel acknowledged Reith's counsel's communication on June 17, 2009, confirming its understanding that no claim was being presented.

3.20    On June 29, 2009, Markel wrote to Reith's counsel, and in that letter provided Reith with Markel's preliminary coverage concerns should a claim be presented. In that letter, Markel reserved all of its rights under the Policy pending an opportunity to fully investigate any subsequently filed claim.

3.21    Reith submitted a Proof of Loss dated August 19, 2009, for the first time asserting a claim under the Hull Coverage portion of the Policy for alleged damage to the Yacht resulting from negligent repairs by LUYC between January 5, 2009 and April 17, 2009.

3.22    Markel has tendered back the premium amount to Reith.

## IV.    FIRST CAUSE OF ACTION
### (Rescission – Uberrimae Fidei)

4.1    Markel incorporates by reference the allegations set forth in Paragraphs 1.1 through 3.22 as though fully set forth herein.

4.2    Under the doctrine of *uberrimae fidei*, the parties to a contract of marine insurance have a duty to act with utmost good faith. That duty obligates an applicant for insurance, even if not asked, to inform the insurer of all facts within his knowledge related to the risk. A failure to disclose material information of which he is aware makes the contract voidable at the insurer's option. Nondisclosure voids the contract *ab initio* even if the nondisclosure was unintentional, and an undisclosed fact voids coverage even if it has no causal relationship to the loss.

4.3    Reith was in possession of material facts related to the risk to be underwritten by Markel at the time he applied for insurance, including without limitation as follows:

    a.    Based upon the June 26 Assessment and the July 17 Bid, Reith knew (i) that moisture saturation levels in the hull were "off the meter," (ii) that simply drying out the core material would compromise the hull integrity, (iii) that infusion of the core with resin would not restore

COMPLAINT - 5

LAW OFFICES OF
**NICOLL BLACK & FEIG PLLC**
1325 FOURTH AVENUE8, SUITE 1650
SEATTLE, WASHINGTON 98101
(206) 838-7555

it and that it would therefore be necessary to strip, re-core and re-fiberglass the hull, and (iv) that repairs could cost between approximately $75,000 and $100,000.

b. Reith knew that the pre-existing damage was so severe that he agreed with Butler to retain and bear the cost of an accredited surveyor to approve and supervise the repairs.

c. Based upon his knowledge of the nature and extent of the damage and the estimated cost of repairs, Reith re-negotiated the terms of the Purchase and Sale Agreement to require that Butler agree to fund the repairs and to require that Butler deposit $100,000 in an interest-bearing account to fund the repairs.

d. He knew that due to the extent and severity of the pre-existing damage, repairs would take up to three months.

4.4   Reith failed to disclose the foregoing and other material information to Markel.

4.5   By failing to disclose this and other material information to Markel, Reith breached his obligations under the doctrine of *uberrimae fidei*, and Markel is entitled to rescission and a declaration under 28 U.S.C. §2201 that the Policy is void *ab initio*.

## V.   SECOND CAUSE OF ACTION
### (Rescission – Breach of Contract)

5.1   Markel incorporates by reference the allegations set forth in Paragraphs 1.1 through 4.5 as though fully set forth herein.

5.2   By failing to disclose material information, not only in conjunction with the application but later as even more information became available, Reith has breached General Condition 3 of the Policy.

5.3   Markel has been prejudiced by Reith's breach of General Condition 3.

5.4   As a direct and proximate result of Reith's breach of General Condition 3, the Policy is null and void *ab initio*, and/or Markel is entitled to rescission of the Policy.

///

///

COMPLAINT - 6

LAW OFFICES OF
**NICOLL BLACK & FEIG PLLC**
1325 FOURTH AVENUE8, SUITE 1650
SEATTLE, WASHINGTON 98101
(206) 838-7555

## VI.  THIRD CAUSE OF ACTION
### (Rescission – Concealment)

6.1   Markel incorporates by reference the allegations set forth in Paragraphs 1.1 through 5.4 as though fully set forth herein.

6.2   Reith had a duty at the time he submitted his application to Markel all material information related to the risk to be underwritten.

6.3   Reith intentionally or negligently concealed material information at the time he submitted his application and in conjunction with formation of the insurance contract.

6.4   Markel relied to its detriment and prejudice upon the accuracy and completeness of the information submitted by Reith in agreeing to issue the Policy.

6.5   As a result of Reith's intentional or negligent concealment of material information at the time he submitted his application, Markel is entitled to rescission of the Policy.

## VII.  FOURTH CAUSE OF ACTION
### (Declaratory Relief – No coverage)

7.1   Markel incorporates by reference the allegations set forth in Paragraphs 1.1 through 6.5 as though fully set forth herein.

7.2   A dispute has arisen between Markel and Reith and an actual controversy exists with regard to whether the Policy affords coverage for the alleged damage to the Vessel resulting from LUYC's repair work, including without limitation, the following:

    a.   Subject to all of its provisions, the Policy affords coverage to "sudden accidental direct physical loss or damage to the insured yacht." Reith has failed to establish that the Vessel has suffered any sudden accidental direct physical loss or damage resulting from LUYC's repairs.

    b.   The Policy excludes loss, damage or expense caused by or resulting from, *inter alia*, manufacturer's defects, design defects, gradual deterioration, blistering, mold, and/or rot. Any damage to the Vessel allegedly caused by LUYC's repairs is the direct

COMPLAINT - 7

LAW OFFICES OF
**NICOLL BLACK & FEIG PLLC**
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
(206) 838-7555

and efficient proximate result of manufacturer's defects, design defects, gradual deterioration, blistering, mold and/or rot or other excluded cause of loss.

c.  The Policy requires that the insured immediately report any accident, loss, damage, or expense which may be covered under the Policy and must provide full details about when, how and where the loss occurred. Reith failed to report the alleged damage resulting from LUYC's repairs in a timely and complete manner.

d.  The Policy requires that the insured cooperate with Markel in the investigation, defense or settlement of any loss. Reith has failed to fully cooperate with Markel in its investigation of the alleged damage to the Yacht.

e.  Subject to all of its provisions, the Policy applies only to loss which occurs during the policy period and does not apply to pre-existing damage. Rieth has failed to establish that the alleged damage resulting from LUYC's repairs is separate and distinct from pre-existing damage and that a loss occurred during the policy period.

f.  Any alleged damage associated with LUYC's repairs constitutes a known loss and/or loss in progress.

7.3  Based on the foregoing, Markel is entitled to a declaration under 28 U.S.C. §2201 that the Policy does not afford coverage for Reith's claim for damage allegedly resulting from LUYC's repairs.

## PRAYER FOR RELIEF

WHEREFORE, Markel prays that the Court enter judgment declaring that:

8.1  As result of Reith's breach of the duty of *uberrimae fidei*, the Policy is void *ab initio*;

8.2  As a result of Reith's breach of General Condition 3 of the Policy, the Policy is void *ab initio*;

8.3  As a result of Reith's intentional or negligent concealment of material information at the time of contracting, Markel is entitled to rescission of the Policy;

COMPLAINT - 8

LAW OFFICES OF
**NICOLL BLACK & FEIG PLLC**
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
(206) 838-7555

8.4     There is no coverage under the Policy for Reith's claim for hull damage allegedly resulting from LUYC's repairs.

8.5     Markel be awarded its statutory fees and costs;

8.6     Markel be awarded such other and further relief as is just and equitable.

DATED this 23rd day of November, 2009.

NICOLL BLACK & FEIG PLLC

*/s/ William A. Pelandini*

William A. Pelandini, WSBA No. 11521
William L. Rivers Black, WSBA No. 13386
Of Attorneys for Plaintiff
Markel American Insurance Company, Inc.

1018.0021/32232.DOC;1

COMPLAINT - 9

LAW OFFICES OF
NICOLL BLACK & FEIG PLLC
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
(206) 838-7555